IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PARIS JACKSON<br>2870 Millbrook Drive<br>Winston Salem, North Carolina 27105,<br><br>        Plaintiff,<br><br>        v.<br><br>ASHLEY FURNITURE INDUSTRIES, LLC<br>333 Ashley Furniture Way<br>Advance, North Carolina 27006,<br><br>    **Serve Also:**<br>    ASHLEY FURNITURE<br>    INDUSTRIES, LLC<br>    c/o Corporation Service Company<br>    2626 Glenwood Avenue<br>    Suite 550<br>    Raleigh, North Carolina 27608<br><br>        Defendant. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Paris Jackson, by and through undersigned counsel, states and avers the following for the Complaint against the Defendant Ashley Furniture Industries, LLC:

**PARTIES, JURISDICTION, AND VENUE**

1. Jackson is a resident of Winston Salem, Forsyth County, North Carolina.

2. Ashley Furniture Industries, LLC ("AFI") is a foreign corporation that does business at 333 Ashley Furniture Way, Advance, North Carolina 27006.

3. AFI hires citizens of the State of North Carolina, contracts with companies in North Carolina, and owns or rents property in North Carolina. As such, the exercise of personal jurisdiction over AFI comports with due process.

4. The claims herein arose from or relates to the contacts of AFI with North Carolina residents, thereby conferring specific jurisdiction over AFI.

5. All material events alleged in this Complaint occurred in Davie County, North Carolina.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Jackson is alleging Federal Law Claims under The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, and The Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

7. This Court has supplemental jurisdiction over Jackson's state law claims pursuant to 28 U.S.C. § 1367 as Jackson's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. On or about November 19, 2025, the EEOC issued a Notice of Right to Sue letter to Jackson regarding the charge of discrimination Jackson filed against AFI. Attached as Exhibit A.

10. Jackson has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(a).

## FACTS

11. Jackson was hired by AFI in 2019.

12. Jackson was employed by AFI in the position of Forklift Driver.

13. AFI was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

14. At all times relevant herein, Jackson was employed by AFI for at least 12 months and had at least 1,250 hours of service with AFI and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

15. Jackson suffers from gastroenteritis, rectal bleeding, hemorrhoids, high blood pressure, and pancreatitis ("Jackson's Disabilities").

16. Jackson's Disabilities impair the gastrointestinal body system.

17. Jackson's Disabilities impair the body's digestive system.

18. Jackson's Disabilities are physical impairments.

19. Jackson's Disabilities substantially limit one or more major life activities, such as working and digesting food.

20. Jackson has a record of Jackson's Disabilities.

21. As a result of Jackson's Disabilities, Jackson is and was considered disabled within the meaning of 42 U.S.C. § 12101 *et seq.*

22. Jackson disclosed Jackson's Disabilities to AFI.

23. In the alternative, AFI perceived Jackson as being disabled.

24. In the alternative, AFI perceived that Jackson's Disabilities constituted physical impairments.

25. In the alternative, AFI perceived Jackson's Disabilities to substantially impair one or more major life activities, including working.

26. Despite this actual or perceived disabling condition, Jackson was still able to perform the essential functions of his job.

27. On or about August 8, 2024, Jackson experienced severe chest pain at work and was sent home from his shift.

28. On or about August 8, 2024, Jackson was hospitalized due to Jackson's Disabilities.

29. On or about August 9, 2024, Jackson informed AFI of his hospitalization.

30. As a result of Jackson's hospitalization, Jackson was incapacitated from August 9, 2024, to August 12, 2024.

31. On or about August 12, 2024, Jackson gave AFI a note from his doctor informing AFI that Jackson would leave the hospital but remain incapacitated and/or unable to work until August 19, 2024.

32. In giving AFI the note from his doctor, Jackson requested that AFI accommodate Jackson's Disabilities by excusing him from work between August 9, 2024, and August 19, 2024 ("First Accommodation Request").

33. Jackson's First Accommodation Request would not cause Defendant an undue hardship.

34. Before denying Jackson's First Accommodation Request, Defendant did not determine whether Jackson's First Accommodation Request would cause Defendant an undue hardship.

35. Defendant has no contemporaneously created documents reflecting any effort to determine whether Jackson's First Accommodation Request would cause an undue hardship.

36. Before denying Jackson's First Accommodation Request, Defendant did not determine the cost of Jackson's First Accommodation Request.

37. Defendant has no contemporaneously created documents reflecting any effort to determine the cost of Jackson's First Accommodation Request.

38. Before denying Jackson's First Accommodation Request, Defendant did not determine the cost of providing any accommodation besides Jackson's First Accommodation Request.

39. Defendant has no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Jackson's First Accommodation Request.

40. Defendant did not seek outside funding to cover the cost of any undue financial hardship.

41. Defendant has no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

42. Alternatively, Defendant did not offer Jackson the opportunity to pay for any financial hardship that would result from Jackson's First Accommodation Request.

43. Jackson's First Accommodation Request was reasonable.

44. Defendant did not engage in any conversation with Jackson for any alternative options for Jackson's First Accommodation Request.

45. In response to Jackson's First Accommodation Request, Defendant failed to participate in any interactive process.

46. Defendant denied Jackson's First Accommodation Request.

47. Defendant did not provide Jackson's First Accommodation Request.

48. Defendant did not provide Jackson with an alternative accommodation in response to Jackson's First Accommodation Request.

49. Defendant did not provide Jackson with the opportunity to pay for any undue financial burden for a disability accommodation.

50. Defendant could have provided excused time off as a reasonable accommodation.

51. Defendant has provided excused time off to employees prior to Jackson's First Accommodation Request.

52. Defendant did not provide Jackson with excused time off.

53. During Jackson's employment, Defendant never explained to Jackson why the Accommodation Request was denied.

54. Alternatively, during Jackson's employment, Defendants only explanation to Jackson regarding why the Accommodation Request was denied was to say that Defendants did not have any accommodation available.

55. Jackson's First Accommodation Request made AFI aware that Jackson has a serious health condition as defined by the FMLA.

56. On or around August 12, 2024, Jackson qualified for FMLA leave in connection with his own serious health condition.

57. On or around August 12, 2024, Jackson was eligible to utilize FMLA leave due to his own serious health condition.

58. On or about August 12, 2024, Jackson was entitled to utilize FMLA leave due to his own serious health condition.

59. On or about August 12, 2024, AFI requested that Jackson complete a medical certification to substantiate his need for leave.

60. Jackson made reasonable efforts to timely complete the medical certification.

61. On or about August 16, 2024, Jackson was hospitalized due to Jackson's Disabilities.

62. On or about August 16, 2024, Jackson's doctor cleared him to return to work on August 19, 2024, with a 50-pound lifting restriction for 7 to 14 days.

63. Jackson communicated his return to work and lifting restriction to AFI ("Second Accommodation Request").

64. Jackson's Second Accommodation Request would not cause Defendant an undue hardship.

65. Before denying Jackson's Accommodation Request, Defendant did not determine whether Jackson's Accommodation Request would cause Defendants an undue hardship.

66. Defendant has no contemporaneously created documents reflecting any effort to determine whether Jackson's Second Accommodation Request would cause an undue hardship.

67. Before denying Jackson's Second Accommodation Request, Defendant did not determine the cost of Jackson's Second Accommodation Request.

68. Defendant has no contemporaneously created documents reflecting any effort to determine the cost of Jackson's Second Accommodation Request.

69. Before denying Jackson's Second Accommodation Request, Defendant did not determine the cost of providing any accommodation besides Jackson's Second Accommodation Request.

70. Defendant has no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Jackson's Second Accommodation Request.

71. Defendant did not seek outside funding to cover the cost of any undue financial hardship.

72. Defendant has no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

73. Alternatively, Defendant did not offer Jackson the opportunity to pay for any financial hardship that would result from Jackson's Second Accommodation Request.

74. Jackson's Second Accommodation Request was reasonable.

75. Defendant did not engage in any conversation with Jackson for any alternative options for Jackson's Second Accommodation Request.

76. In response to Jackson's Second Accommodation Request, Defendant failed to participate in any interactive process.

77. Defendant denied Jackson's Second Accommodation Request.

78. Defendant did not provide Jackson's Second Accommodation Request.

79. Defendant did not provide Jackson with an alternative accommodation in response to Jackson's Second Accommodation Request.

80. Defendant did not provide Jackson with the opportunity to pay for any undue financial burden for a disability accommodation.

81. Defendant could have provided light duty as a reasonable accommodation.

82. Defendant has provided light duty to employees prior to Jackson's Accommodation Request.

83. Defendant did not provide Jackson with light duty.

84. Defendant could have provided time off as a reasonable accommodation.

85. Defendant has provided time off to employees prior to Jackson's Second Accommodation Request.

86. Defendant did not provide Jackson with time off.

87. During Jackson's employment, Defendant never explained to Jackson why the Second Accommodation Request was denied.

88. Alternatively, during Jackson's employment, Defendant's only explanation to Jackson regarding why the Second Accommodation Request was denied was to say that Defendants did not have any accommodation available.

89. On or about September 9, 2024, Jackson's doctor returned Jackson's FMLA certification to AFI via electronic facsimile.

90. Alternatively, on or about September 9, 2024, Jackson's doctor returned Jackson's FMLA certification to AFI's third-party leave provider, Matrix, via electronic facsimile.

91. As a result of AFI/Matrix's receipt of Jackson's FMLA certification, AFI should have designated any absences Jackson accrued between August 8 and August 19, 2024, as protected leave under the FMLA.

92. AFI did not designate Jackson's absences between August 8, 2024, and August 19, 2024, as protected FMLA leave.

93. By refusing to designate Jackson's absences between August 8, 2024, and August 19, 2024, as protected FMLA leave, AFI interfered with Jackson's FMLA rights.

94. By refusing to designate Jackson's absences between August 8, 2024, and August 19, 2024, as protected FMLA leave, AFI retaliated against Jackson for requesting FMLA leave.

95. On or about September 23, 2024, Jackson resubmitted his FMLA certification to AFI and/or Matrix.

96. As a result of AFI/Matrix's receipt of Jackson's FMLA certification, AFI should have designated any absences Jackson accrued between August 8 and August 19, 2024, as protected leave under the FMLA.

97. AFI did not designate Jackson's absences between August 8, 2024, and August 19, 2024, as protected FMLA leave.

98. By refusing to designate Jackson's absences between August 8, 2024, and August 19, 2024, as protected FMLA leave, AFI interfered with Jackson's FMLA rights.

99. By refusing to designate Jackson's absences between August 8, 2024, and August 19, 2024, as protected FMLA leave, AFI retaliated against Jackson for requesting FMLA leave.

100. On or about September 23, 2024, AFI terminated Jackson's employment ("Termination").

101. The Termination was retaliation for Jackson's First Accommodation Request.

102. The Termination was retaliation for Jackson's Second Accommodation Request.

103. The Termination was retaliation for Jackson requesting FMLA leave.

104. The Termination was because of Jackson's Disabilities.

105. By committing the Termination, AFI made it less likely for a reasonable employee to request reasonable disability accommodations, including FMLA leave.

106. AFI willfully engaged in the Termination.

107. AFI intentionally engaged in the Termination.

108. The Termination was an adverse action.

109. The Termination was an adverse employment action.

110. AFI has a progressive disciplinary policy. ("Disciplinary Policy")

111. AFI used the Disciplinary Policy to discipline employees before terminating them.

112. AFI used the Disciplinary Policy for employees who are not disabled.

113. The Disciplinary Policy dictated that discipline should happen in order of a verbal warning, written warning, final written warning, suspension, then termination.

114. Jackson had not been given a verbal warning prior to the Termination.

115. Jackson had not been given a written warning prior to the Termination.

116. Jackson had not been given a final written warning prior to the Termination.

117. Jackson had not been given a suspension prior to the Termination.

118. Prior to terminating Jackson, AFI never issued any written communication criticizing Jackson for any reason.

119. AFI knowingly skipped progressive disciplinary steps in terminating Jackson's employment.

120. AFI knowingly terminated Jackson's employment.

121. AFI knowingly took adverse employment actions against Jackson.

122. AFI knowingly took adverse actions against Jackson.

123. AFI intentionally skipped progressive disciplinary steps in terminating Jackson.

124. AFI intentionally terminated Jackson's employment.

125. AFI intentionally took adverse employment actions against Jackson.

126. AFI intentionally took adverse actions against Jackson.

127. AFI knew that skipping progressive disciplinary steps in terminating Jackson would cause Jackson harm.

128. AFI knew that terminating Jackson would cause Jackson harm.

129. AFI willfully skipped progressive disciplinary steps in terminating Jackson.

130. AFI willfully terminated Jackson's employment.

131. There is a causal connection between Jackson's Disabilities and the Termination.

132. As a result of AFI's unlawful acts, Jackson has suffered and will continue to suffer harm.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq*.

133. Jackson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

134. AFI treated Jackson differently than other similarly-situated employees based on his disabling condition.

135. AFI treated Jackson differently than other similarly-situated employees based on his perceived disabling condition.

136. On or about June 26, 2024, AFI terminated Jackson's employment without just cause.

137. AFI terminated Jackson's employment based on his disability.

138. AFI terminated Jackson's employment based on his perceived disability.

139. AFI violated 42 U.S.C. § 12101 *et seq.* when it discharged Jackson based on his disability.

140. AFI violated 42 U.S.C. § 12101 *et seq.* when it discharged Jackson based on his perceived disability.

141. AFI violated 42 U.S.C. § 12101 *et seq.* by discriminating against Jackson based on his disabling condition.

142. AFI violated 42 U.S.C. § 12101 *et seq.* by discriminating against Jackson based on his perceived disabling condition.

143. As a direct and proximate result of AFI's conduct, Jackson suffered and will continue to suffer damages.

**COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF 42 U.S.C. § 12101 *et seq*.**

144. Jackson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

145. Jackson informed AFI of his disabling condition.

146. Jackson requested accommodations from AFI to assist with his disabilities including modified job duties and a modified workspace.

147. Jackson's requested accommodations were reasonable.

148. There was an accommodation available that would have been effective and would have not posed an undue hardship to AFI.

149. AFI failed to engage in the interactive process of determining whether Jackson needed an accommodation.

150. AFI failed to provide an accommodation.

151. AFI violated 42 U.S.C. § 12101 et seq. by failing to provide Jackson a reasonable accommodation.

152. As a direct and proximate result of AFI's conduct, Jackson suffered and will continue to suffer damages.

### COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*

153. Jackson restates each and every prior paragraph of this complaint, as if it were fully restated herein.

154. At all times during his employment at AFI, Jackson was qualified for his position.

155. Jackson engaged in protected activity when he requested and used accommodations.

156. AFI's actions were retaliatory in nature based on Jackson's opposition to the unlawful discriminatory conduct.

157. Pursuant to 42 U.S.C. § 12101 et seq. it is an unlawful discriminatory practice discriminate against a person because they have engaged in a protected activity.

158. As a direct and proximate result of AFI's conduct, Jackson suffered and will continue to suffer damages.

### COUNT IV: FMLA INTERFERENCE

159. Jackson restates each and every prior paragraph of this complaint, as if it were fully restated herein.

160. Pursuant to 29 U.S.C. § 2601 et seq., covered employers are required to provide employees job-protected, unpaid leave for qualified medical and family situations.

161. AFI is a covered employer under the FMLA.

162. During his employment, Jackson qualified for FMLA leave.

163. During his employment, Jackson took FMLA leave.

164. Under the FMLA, AFI had a duty to use Jackson's FMLA entitlement to cover FMLA-qualifying absences.

165. AFI failed to use Jackson's FMLA entitlement to cover FMLA-qualifying absences.

166. AFI terminated Jackson's employment while Jackson remained on approved FMLA leave.

167. As a direct and proximate result of AFI's unlawful acts, Jackson is entitled to all damages provided for under 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorneys' fees.

## COUNT V: FMLA RETALIATION

168. Jackson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

169. During his employment, Jackson utilized FMLA leave.

170. After Jackson utilized his qualified FMLA leave, AFI retaliated against him.

171. AFI retaliated against Jackson by terminating his employment.

172. AFI willfully retaliated against Jackson in violation of 29 U.S.C. § 2615(a).

173. As a direct and proximate result of AFI's wrongful conduct, Jackson is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Paris Jackson demands from Defendant the following:

(a) Issue a permanent injunction:

    (i) Requiring AFI to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly

       investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

  (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Jackson for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Jackson's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                  Respectfully submitted,

                                  /s/ *Evan Gungor*
                                Evan Gungor (60902)
                                **SPITZ, THE EMPLOYEE'S LAW FIRM**
                                5540 Centerview Drive, Suite 200
                                Raleigh, NC 27606
                                Phone: (980) 332-4688
                                Fax:    (216) 291-5744
                                Email: evan.gungor@spitzlawfirm.com

                                *Attorney For Plaintiff Paris Jackson*

## **JURY DEMAND**

Plaintiff Paris Jackson demands a trial by jury by the maximum number of jurors permitted.

>                                             /s/ *Evan Gungor*
>                                             Evan Gungor (60902)
>                                             **SPITZ, THE EMPLOYEE'S LAW FIRM**